UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CBST ACQUISITION LLC,<br>Plaintiff, | Case No. 1:18-cv-162<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| UNITED STATES OF AMERICA,<br>Defendant. | REPORT AND<br>RECOMMENDATION |

Plaintiff CBST Acquisition LLC initiated this action in March 2018 alleging that the United States Department of Justice publicly and falsely claimed that a $4,000,000 debt existed between CBST and PNC Bank, formerly National City Bank. (Doc. 1). This matter is before the Court on plaintiff's motion for a TRO (Doc. 7) and defendant's motion to dismiss (Doc. 15), plaintiff's response in opposition (Doc. 22), and defendant's reply memorandum (Doc. 27). This matter is also before the Court on plaintiff's motion for leave to amend its complaint (Doc. 31) and defendant's response in opposition (Doc. 36). The Court will first address plaintiff's motion for leave to amend.

## I. Motion to Amend (Doc. 31)

On October 23, 2018, plaintiff filed its motion for leave to amend.[1] Plaintiff seeks to amend its complaint to add claims under the Administrative Procedure Act ("APA"), state law tort claims under the Federal Torts Claim Act ("FTCA"),[2] claims under 42 U.S.C §§ 1985 and 1986, and declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 31).

---

[1] The Court notes that plaintiff filed its motion for leave to amend the evening before the scheduled October 24, 2018 9:00 A.M. hearing on defendant's motion to dismiss. In light of plaintiff's filing, the Court allowed defendant to file a response to plaintiff's motion to amend the complaint in lieu of moving forward with the hearing.
[2] Plaintiff seeks to add the state law tort claims of negligence, gross negligence, civil conspiracy, invasion of privacy—false light, and invasion of privacy—intrusion into seclusion. (Doc. 31-1 at 15-17).

Defendant opposes plaintiff's motion to amend and argues that plaintiff's proposed amendments are futile. (Doc. 36). Defendant argues that plaintiff's proposed amended claims are barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that a civil action under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. (*Id.* at 4-5). Defendant also argues that plaintiff's proposed amended claim under the APA is untimely and fails as a matter of law. (*Id.* at 7). Defendant argues that plaintiff's claims under the FTCA are untimely. (*Id.*). Defendant further argues that plaintiff's claims under 42 U.S.C §§ 1985 and 1986 and the Declaratory Judgment Act, 28 U.S.C. § 2201, are barred by the doctrine of sovereign immunity. (*Id.* at 9-10).

The Federal Rules provide that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "A district court has discretion in determining whether justice requires that [an] amendment be allowed." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 522 (6th Cir. 1999) (citing *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Factors relevant to the Court's decision include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). A plaintiff should not be granted leave to amend the complaint when the proposed amendment would be futile. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (in deciding whether to grant leave to amend, the Court should consider futility of amendment). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421

(6th Cir. 2000).

Plaintiff's motion to amend should be denied as futile. First, plaintiff's proposed amended claim under the APA is untimely. "A complaint under the APA for review of an agency action is a civil action within the meaning of 28 U.S.C. § 2401(a),[3] and is governed by a six-year statute of limitations." *Friends of Tims Ford v. Tennessee Valley Auth.*, 585 F.3d 955, 964 (6th Cir. 2009) (internal quotations omitted). The statute of limitations "begins to run from the time of the 'final agency action,'" which is determined by whether "'the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.'" *Id.* (quoting *Southwest Williamson Cty. Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1036 (6th Cir. 1999) (in turn quoting *Franklin v. Massachusetts*, 505 U.S. 788 (1992)). In his proposed amended complaint, plaintiff "seeks review of the agency's decision regarding the existence of a $4,000,000 debt between CBST and PNC pursuant to the Administrative Procedure[ ] Act." (Doc. 31-1 at 14). Plaintiff alleges that "[t]he federal agency wrongfully and finally decided that a $4,000,000 debt was originated between CBST and PNC. . . ." (*Id.* at 15). Plaintiff alleges that the final agency action took place in 2004 when the United States Department of Justice "wrongfully decided that CBST originated a $4,000,000 debt ("debt") with National City Bank [now known as] PNC Bank ("PNC")." (*Id.* at 1). Accordingly, the statute of limitations on plaintiff's APA claim expired in 2010. Although plaintiff alleges that defendant continues to make false statements about the $4,000,000 debt (Doc. 31-1 at 6), plaintiff alleges that the final agency action that was the subject of these statements occurred in 2004. Plaintiff did not file its lawsuit until March 2018. Therefore, plaintiff's proposed

---

[3] 28 U.S.C. § 2401(a) provides, "Except as provided by chapter 71 or title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. . . ."

3

amended claim under the APA is barred by the six-year statute of limitations.

Second, plaintiff's proposed amended tort claims under the Federal Torts Claim Act are time-barred. "The Federal Tort Claims Act (FTCA or Act) provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)). Plaintiff's tort claims are based on the allegation that defendant "wrongfully decided that CBST originated a $4,000,000 debt with National City Bank" in 2004. (Doc. 31-1 at 1, 4). Thus, because a "tort claim [under the FTCA] accrues at the time of plaintiff's injury[,]" the statute of limitations for plaintiff's FTCA claim expired in 2006 and is untimely. *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009) (quoting *U.S. v. Kubrick*, 444 U.S. 111, 120 (1979)).

Third, plaintiff's proposed amended claims under 42 U.S.C. §§ 1985[4] and 1986,[5] as well as the Declaratory Judgment Act, 28 U.S.C. § 2201, are barred by the doctrine of sovereign immunity and the Court lacks jurisdiction over these claims. "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *CareToLive v. von Eschenbach*, 525 F. Supp.2d 938, 950 (S.D. Ohio 2007), *aff'd sub nom. CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). The United States may not be sued without its consent, and consent is a prerequisite to jurisdiction. *Id.* (citing *United States v. Mitchell*, 463

---

[4] Section 1985 of Title 42 provides a cause of action for conspiracy to deprive individuals of equal protection of the law. *See* 42 U.S.C. § 1985(3).
[5] Section 1986 of Title 42 creates a cause of action for a knowing failure to prevent wrongful acts pursuant to a conspiracy to interfere with civil rights under § 1985. 42 U.S.C. § 1986.

4

U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998) ("The United States can be sued only when it has expressly given its consent to be sued.") (internal quotation marks and citation omitted)). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell*, 463 U.S. at 239; *Reed*, 146 F.3d at 398). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212). The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). *Id.* Notably, 42 U.S.C. §§ 1985 and 1986 do not provide a statutory waiver of sovereign immunity. *See Easterling v. Sessions*, No. 3:17-cv-328, 2018 WL 4558411, at *2 (S.D. Ohio Sept. 21, 2018); *Smith v. United States, Soc. Sec. Admin.*, No. 09-2775, 2010 WL 11597468, at *3 (W.D. Tenn. Jan. 13, 2010); *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000).

Plaintiff has not identified a waiver of sovereign immunity by the United States Department of Justice for its 42 U.S.C. §§ 1985 and 1986 claims against this federal agency. In addition, the Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide for a waiver of sovereign immunity and is not an independent source of federal jurisdiction. *City of Cincinnati v. U.S.*, No. 103-cv-731, 2007 WL 956432, at *2 (S.D. Ohio Mar. 27, 2007). Accordingly, allowing plaintiff to amend his complaint to add these claims would be futile. Plaintiff's motion for leave to amend its complaint (Doc. 31) should be denied.

## II. Motion to Dismiss (Doc. 15)

Defendant moves to dismiss all claims in plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 15). Defendant argues that plaintiff's claims against the United States are barred

by sovereign immunity and plaintiff has not identified any applicable waiver of sovereign immunity. (*Id.* at 4). Defendant also argues that neither plaintiff's claim under § 1983 or the Fourteenth Amendment applies to the federal government. (*Id.*). Defendant further argues that plaintiff's § 1983 claims are barred by the *Heck* doctrine. (*Id.*) (citing 512 U.S. at 478).[6]

### A. Standard

#### a. Lack of Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), a party may attack a complaint for lack of subject matter jurisdiction. There are generally two types of motions challenging subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted), *abrogated on other grounds by Lumbar v. City of Ann Arbor*, 913 F.3d 585 (6th Cir. 2019). A Rule 12(b)(1) motion can attack a party's claim of jurisdiction on its face or the motion can attack the factual basis for a claim of jurisdiction. *Id.* A facial attack questions the sufficiency of the pleading. *Campbell v. Miller*, 835 F. Supp.2d 458, 463 (S.D. Ohio 2011) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). When reviewing this type of challenge to the court's jurisdiction, the court must take the allegations in the complaint as true and construe the complaint in a light most favorable to the non-moving party. *Id.* (citing *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999)).

When a factual challenge is made under Rule 12(b)(1), the court considers evidence to determine if jurisdiction exists. *Id.* at 463-64 (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)). The trial court must weigh the conflicting evidence to make this determination. *Id.* (citing *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320,

---

[6] Defendant also argues that it has not been properly served. After the motion to dismiss was filed, the docket now reflects that a summons and complaint were sent by certified mail to the defendant Department of Justice on July 18, 2018. (Doc. 23).

6

330 (6th Cir. 2007)). When a factual attack is made, the non-moving party bears the burden of proving that jurisdiction exists. *Id.* (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). In such a case, there is no presumption of truthfulness on behalf of the non-moving party. *Id.* (citing *A.D. Roe Co., Inc.*, 186 F.3d at 722).

### b. Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), a party may challenge a complaint for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B. Resolution

In its verified complaint, plaintiff alleges that defendant is "violating the protected Fourteenth Amendment Rights of CBST Acquisition LLC ("CBST") by publicly and falsely claiming that a certified and authenticated $4,000,000 debt ("debt") was originated, and thus

7

exist [sic] between CBST and PNC Bank, [formerly known as] National City Bank ("PNC")." (Doc. 1 at 1). Plaintiff brings three claims against the U.S. Department of Justice under the Fourteenth Amendment and one claim under § 1983. (*Id.* at 6-8). As relief, plaintiff requests that the Court "[e]nter judgment for preliminary and permanent injunctive relief restraining Defendant, its attorneys, agents, employees, representatives, assigns and those persons or citizens acting in concert with Defendant, from claiming that an authentic $4,000,000 debt was originated, and thus exists, between CBST and PNC." (*Id.* at 8).

Defendant's motion to dismiss should be granted in its entirety. First, the Court lacks subject matter jurisdiction over plaintiff's complaint. As explained above, plaintiff has not identified a waiver of sovereign immunity by the United States Department of Justice for any constitutional claims it brings against the federal agency. In addition, "[t]he federal government and its officials are not subject to suit under § 1983."[7] *Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004). *See also Carter*, 2018 WL 3377148, at *5.

In opposition to defendant's motion to dismiss, plaintiff argues that the court has subject matter jurisdiction and that 5 U.S.C. § 702 provides the United States is not immune from suit for legal wrongs and wrongful decisions. (Doc. 22 at 3). Plaintiff maintains that the Department of Justice, based on a report from the U.S. Treasury Department, took agency action by wrongfully deciding that a $4,000,000 debt existed between CBST and PNC Bank. (*Id.* at 4).

---

[7] Plaintiff's Fourteenth Amendment claims would fall under this umbrella. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' . . . The first step in any such claim is to identify the specific constitutional right allegedly infringed.") (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) and citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). In addition, the Court notes that the Fourteenth Amendment is not applicable to the federal government. Nevertheless, the "Fifth Amendment . . . incorporates, as against the federal government, the [components] of the Fourteenth Amendment." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Either way, the federal government is not subject to suit under § 1983 and plaintiff has failed to identify a waiver of sovereign immunity by the United States Department of Justice for any constitutional claims it brings against the federal agency.

8

Plaintiff alleges that "[p]rior to making its decision, the United States did not provide CBST notice or offer CBST a hearing prior to making its agency decision." (*Id.*). In reply,[8] defendant states that the section to which plaintiff cites is contained in the APA, which waives sovereign immunity for certain nonmonetary claims against the United States. (Doc. 27 at 3). Defendant maintains that plaintiff's complaint contains no citation to 5 U.S.C. § 702 or the APA. (*Id.* at 4). Plaintiff's argument is not well-taken. Plaintiff may not raise any new claims without amending its complaint. As explained above, plaintiff's request to amend its complaint to add a claim under the APA would be futile. Accordingly, defendant's motion to dismiss should be granted.

### III. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 7)

Plaintiff moves for a temporary restraining order ("TRO") and preliminary injunction against "[d]efendant, its attorneys, agents, employees, representatives, assigns, and those persons, citizens or business entities acting in concert with Defendant from claiming an authentic and certified $4,000,000 debt was originated and thus exists between CBST and PNC Bank [formerly known as] National City Bank ("PNC"). (Doc. 7 at 1). As the Court has determined that all of plaintiff's claims should be dismissed and plaintiff's motion to amend its complaint should be denied, plaintiff's motion for a TRO (Doc. 7) should be **DENIED** because plaintiff has failed to show a substantial likelihood of success on the merits of its claims. *See Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002).

---

[8] In its reply brief, defendant also argues that plaintiff lacks constitutional standing. (Doc. 27 at 1-3). The Court declines to consider this argument. "It is well settled . . . that a party may not raise an issue for the first time in a reply brief." *Books A Million, Inc. v. H & N Enterprises, Inc.*, 140 F. Supp.2d 846, 859 (S.D. Ohio 2001) (citing *Aetna Cas. and Sur. Co. v. Leahey Const. Co., Inc.*, 219 F.3d 519, 545 (6th Cir. 2000)).

## VI. Conclusion

**Based on the foregoing reasons, it is RECOMMENDED that:**

1. Plaintiff's Motion for Leave to Amend (Doc. 31) be **DENIED**.

2. Defendant's Motion to Dismiss (Doc. 15) be **GRANTED**.

3. Plaintiff's Motion for a TRO (Doc. 7) be **DENIED**.

Date: 2/19/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CBST ACQUISITION LLC,
    Plaintiff,

vs.

UNITED STATES OF AMERICA,
    Defendant.

Case No: 1:18-cv-162
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).